**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS J. RENNHACK, | : | CIVIL ACTION NO. 11-2351 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| BRIAN R. SNOW, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF** (1) is a New Jersey citizen, and (2) brought this action in state court ("Rennhack Action") against the defendants — Brian R. Snow and Hardesty Candy Company, i/n/a Hardest Candy Company ("HCC") — to recover damages for injuries sustained in a motor vehicle accident ("Accident"). (Dkt. entry no. 1, Rmv. Not., Ex. B, Compl.) The Court's own research reveals that HCC is deemed to be a citizen of Virginia only.

**THE DEFENDANTS** removed the Rennhack Action under 28 U.S.C. § ("Section") 1332 on April 26, 2011, even though (1) Snow is a New Jersey citizen, and (2) the defendants were served more than 30 days before removal, with Snow being served on January 31, 2011, and HCC being served on February 7, 2011. (Rmv. Not. at 2.) But the defendants seem to assert that the Court should overlook the lack of diversity of citizenship and the untimely removal because (1) another plaintiff brought an action involving the Accident against Snow here on March 9, 2011 ("Murray Action") wherein the Court has Section 1332 jurisdiction, see Murray v. Snow, No. 11-

1339, and thus there is jurisdiction over the Rennhack Action under Federal Rule of Civil Procedure ("Rule") 19, and (2) HCC is the "real party in interest", as it is Snow's employer.  (Id. at 2-4.)

**THE DEFENDANTS' ASSERTIONS** are without merit.  First, Rennhack is not a "citizen[] of [a] different State[]" in relation to Snow.  28 U.S.C. § 1332(a)(1).  Thus, the face of the pleadings demonstrate that Section 1332 jurisdiction is lacking.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants"); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); see also Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004) (stating "subject matter jurisdiction is never waived").

**SECOND**, there is no basis for the exercise of Section 1332 jurisdiction over the Rennhack Action based on Section 1332 jurisdiction over the Murray Action.  See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 559-67 (2005) (noting incomplete citizenship diversity destroys jurisdiction over all claims in a second action, even if there is Section 1332 jurisdiction over a related first action, as incomplete diversity in the second action (1) leaves nothing to which supplemental jurisdiction can adhere, (2) contaminates every claim in the second action, and

2

(3) eliminates justification for providing a federal forum); Franceskin v. Credit Suisse, 214 F.3d 253, 258 n.2 (2d Cir. 2000) (stating Section 1367(b) bars court from exercising jurisdiction over a second action if the only basis for jurisdiction given is that there is Section 1332 jurisdiction over a "related" first action, even if a party in the second action cites Rules 14, 19, 20, or 24).

**THIRD**, it is neither improper nor unusual under New Jersey law for a plaintiff in an action to recover damages for personal injuries to name an employee and an employer as defendants. See, e.g., Cockerline v. Menendez, 411 N.J.Super. 596, 604-05 (N.J. App. Div. 2010) (concerning action to recover damages for wrongful death caused in car accident brought against the driver-employee and the employer), cert. denied, 201 N.J. 499 (2010); see also Printing Mart - Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 762 (1989) (stating that employee who performs an allegedly tortious act may still be individually liable, even if he was acting on employer's behalf and realized no personal benefit).  Thus, the defendants' assertion that the Court should disregard Snow's citizenship because HCC is the real party in interest is without merit.

**FOURTH**, the removal was untimely by any measure. See 28 U.S.C. § 1446(b) (stating action must be removed within 30 days of defendant's receipt of initial pleading setting forth claim

3

for relief). HCC, the last defendant to be served, was served more than two months before the Rennhack Action was removed. Although not relevant, the Murray Action was brought more than 30 days before the Rennhack Action was removed.[1]

**THE COURT**, therefore, will remand the Rennhack Action for all of the aforementioned reasons. See 28 U.S.C. §§ 1446(a), 1447(c). The Court will issue an appropriate order and judgment.

                                           s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

**Dated:** May 3, 2011

---

[1] The Court notes that the 30-day period is measured from when Snow and HCC were initially served, and not from when their insurers or current counsel were thereafter advised of the action.